Vincent E. Gentile
DRINKER BIDDLE & REATH LLP
A Limited Liability Partnership
105 College Road East, P.O. Box 627
Princeton, NJ 08542-0627
Phone: (609) 716-6500
Fax: (609) 799-7000
vincent.gentile@dbr.com

*Counsel for Defendants Law Office
of Fox, Kohler & Associates, P.L.L.C.,
Arthur M. Kohler, and Rosanna Fox*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CAREN FREDERICK, on behalf of herself and all other class members similarly situated as to Defendants Law Office of Fox, Kohler & Associates, P.L.L.C. t/a National Legal Center, Arthur M. Kohler, Roseanna Fox, Comerica Bank and John Doe(s) 1-100, the said name of John Doe(s) being fictitious; and Individually as to Defendant Global Client Solutions, L.L.C., <br><br>        Plaintiff, <br>   v. <br><br>LAW OFFICE OF FOX, KOHLER & ASSOCIATES, P.L.L.C., L.L.C., f/k/a/ National Legal Center, P.L.L.C.; ARTHUR M. KOHLER; ROSEANNA FOX; COMERICA BANK; GLOBAL CLIENT SOLUTIONS, L.L.C.; John Doe(s) 1-100, said name of John Doe(s) being fictitious, <br><br>        Defendants. | Civil Action No. _____ <br><br>**NOTICE OF REMOVAL BY DEFENDANTS LAW OFFICE OF FOX, KOHLER & ASSOCIATES, P.L.L.C, ARTHUR M. KOHLER, AND ROSANNA FOX** |

TO:   CHIEF JUDGE AND JUDGES OF THE
        UNITED STATES DISTRICT COURT
        FOR THE DISTRICT OF NEW JERSEY

<in...

ON NOTICE TO:
    Deputy Clerk of the Superior Court
    Central Processing Office
    First Fl., Courts Facility
    49 Rancocas Rd.
    Mt. Holly, NJ 08060

    Joseph M. Pinto, Esq.
    Polino and Pinto, P.C.
    720 East Main Street, Suite 1C
    Moorestown, NJ 08057

Defendants Law Office of Fox, Kohler & Associates, P.L.L.C. ("FK&A"), Arthur M. Kohler, and Rosanna Fox[1] (collectively, the "FK&A Defendants") remove this action from the Superior Court of Burlington County, New Jersey, to the United States District Court for the District of New Jersey under 28 U.S.C. §§ 1332, 1441, 1446 and 1453. In support of this removal, the FK&A Defendants state as follows.

### JURISDICTIONAL STATEMENT - CLASS ACTION FAIRNESS ACT

1.     The Class Action Fairness Act of 2005 (CAFA), Pub. L. No. 109-2, 119 Stat. 4 (2005) grants federal courts diversity jurisdiction over putative class actions that have: (1) been commenced after February 18, 2005; (2) minimal diversity; (3) 100 or more class members; and (4) an aggregate amount in controversy over $5,000,000. *See* 28 U.S.C. §§ 1332 note, 1332(d)(2)(A), 1332(d)(5)(B), 1332(d)(6). This action satisfies every applicable prerequisite.[2]

---

[1]     Ms. Fox has been incorrectly named in the caption and throughout Plaintiff's Complaint as "Roseanna Fox." Ms. Fox's first name does not have an "e" and is properly spelled as follows: "Rosanna."

[2]     Strictly speaking, CAFA's amount in controversy requirement is located in § 1332, which applies to actions that are filed by plaintiffs, not § 1453, which applies to actions that are removed by defendants. Although the default rule is that an action is only removable if it could have been filed in federal court originally, Congress can "expressly provid[e]" otherwise. *See* 28 U.S.C. § 1441(a). Here, Section 1453(b) states that an action may be removed so long as it is

**Commencement**

2. Plaintiff Caren Frederick ("Plaintiff") commenced this action on or about June 13, 2019, by filing a complaint in the Superior Court of Burlington County, New Jersey, under the caption *Frederick v. Law Office of Fox, Kohler & Associates, P.L.L.C. et al.*, Docket No. BUR-L-001238-19. *See* Compl. (attached as part of Exhibit A). Plaintiff purportedly served the FK&A Defendants via certified mail and first class mail on or after June 26, 2019.

3. Accordingly, this action was commenced after CAFA's effective date.

**Minimal Diversity**

4. CAFA requires only minimal diversity, i.e., that "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

5. Defendant FK&A is organized under the laws of New Hampshire and has its headquarters and principal place of business at 104 Douglas Drive, Candia, NH. Accordingly, for CAFA purposes FK&A is only a citizen of New Hampshire. *See* 28 U.S.C. § 1332(d)(10) ("For purposes of this subsection and section 1453, an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized."); *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010) ("[W]e conclude that the phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities. Lower federal courts have often metaphorically called that place the corporation's 'nerve center.' We believe that the 'nerve

---

a "class action." *See* 28 U.S.C. § 1453(b) ("A class action may be removed …."). Nothing in Section 1453(b) suggests that removed actions must also satisfy Section 1332. *Cf.* 14B Charles A. Wright et al., Federal Practice & Procedure § 3724 (4th ed. 2009). Indeed, the plain language of Section 1453 suggests otherwise, as it incorporates Section 1332's definition of "class action" but not its various other requirements. *See* 28 U.S.C. § 1453(a). This is an academic point here, however, as Section 1332(d) is satisfied in any event. *See infra*.

center' will typically be found at a corporation's headquarters."); *see also, e.g.*, *Eagles Nest, LLC v. Moy Toy, LLC*, No. 14-0010, 2014 WL 4655277, at *5 (M.D. Tenn. Sept. 16, 2014) ("The general rule is that all unincorporated entities—of which a limited liability company is one—have the citizenship of each partner or member. 'However, CAFA itself evinces an intent that suits by unincorporated associations be treated like suits by corporations ....'") (quoting *Erie Ins. Exch. v. Erie Indem. Co.*, 722 F.3d 154, 161 n.7 (3d Cir. 2013)).

6. As of the date the Complaint was filed, Plaintiff was a "resident and citizen of the State of New Jersey, residing at 165 Pulaski Avenue, Sayerville, New Jersey, 08872." Compl. ¶ 1. Upon information and belief, FK&A alleges that at the time of removal Plaintiff continues to be a longtime resident of New Jersey, and upon information and belief is a domiciliary and therefore a citizen of New Jersey because she has no present intention to relocate to another state. *See, e.g.*, *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989) (discussing difference between residence and domicile for purposes of citizenship).

7. Plaintiff brings this action on behalf of not only herself but also a putative class of "all citizens or residents of the State of New Jersey who executed agreements with or received services from, or on whose behalf was established trust or escrow accounts maintained or utilized by the defendants Law Office of Fox, Kohler & Associates, P.L.L.C., L.L.C., f/k/a/ National Legal Center, P.L.L.C., Arthur M Kohler, Roseanna [sic] Fox in a bank or other financial institution into which monies of the class members were transferred or deposited for the purpose of or relating to services provided by the defendants or other persons or entities in connection with debt adjustment or credit counseling services." Compl. ¶ 63. Because the putative class includes both citizens and residents of the state of New Jersey, it includes members who were citizens of New Jersey at the time of removal, as well as individuals who were residents of New Jersey at the time of removal

but who were citizens of a different state or not a citizen of any state. *See, e.g.*, *Newman-Green*, 490 U.S. at 828.

8. Accordingly, FK&A has satisfied its initial burden of showing that there is minimal diversity between the defendants and at least one member of the putative class. *See* 28 U.S.C. § 1332(d)(2)(A); *see also, e.g.*, *West Virginia ex rel. McGraw v. Comcast Corp.*, 705 F. Supp. 2d 441, 445 (E.D. Pa. 2010) ("For CAFA's minimal diversity requirements to be met, 'only one member of the plaintiff class—named or unnamed—must be diverse from any one defendant.'" (citation omitted)).

### Numerosity

9. CAFA does not apply to class actions "in which … the number of members of all proposed plaintiff classes in the aggregate is less than 100." 28 U.S.C. § 1332(d)(5)(B).

10. Plaintiff purports to represent a putative class of customers who "all citizens or residents of the State of New Jersey who executed agreements with or received services from, or on whose behalf was established trust or escrow accounts maintained or utilized by the defendants Law Office of Fox, Kohler & Associates, P.L.L.C., L.L.C., f/k/a/ National Legal Center, P.L.L.C., Arthur M Kohler, Roseanna [sic] Fox in a bank or other financial institution into which monies of the class members were transferred or deposited for the purpose of or relating to services provided by the defendants or other persons or entities in connection with debt adjustment or credit counseling services." Compl. ¶ 63.

11. Plaintiff does not specifically allege the number of individuals she believes are a part of the purported class, but she does allege that "[m]embers of the proposed class are so numerous that their joinder is impracticable." Compl. ¶ 64.

12. Based upon a review of FK&A's client files, the purported class includes well in

excess of 100 individuals. At present, FK&A has identified at least 180 members of the purported class.

13. Accordingly, there are more than 100 putative class members. *See* 28 U.S.C. § 1332(d)(5)(B).

### Amount in Controversy

14. CAFA requires that "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs …." 28 U.S.C. § 1332(d)(2). It also provides that, "to determine whether the matter in controversy exceeds the sum or value of $5,000,000," the "claims of the individual class members shall be aggregated." *Id.* § 1332(d)(6).

15. Plaintiff does not allege the total of the matter in controversy presented by the claims of the purported class members, but she does allege that the "total illegal fees paid [by her] was $14,698.62." Compl. ¶ 13.

16. Plaintiff asserts that defendants' conduct violates the following statutes: New Jersey Civil RICO, N.J.S.A. 2C:41-1, et seq. (Count I, Compl. ¶¶ 39-47); New Jersey Consumer Fraud Act, N.J.S.A. 56:8-2 (Count II, Compl. ¶¶ 48-49); New Jersey Debt Adjustment and Credit Counseling Act, N.J.S.A. 17:16G-1 (Count III, Compl. ¶¶ 50-51); and New Jersey Money Transmitters Act (Count III, Compl. ¶¶ 50-51).

17. Plaintiff also asserts the following additional counts against defendants: Civil Conspiracy (Count IV, Compl. ¶¶ 52-55); Illegal Contract and Unjust Enrichment (Count V, Compl. ¶¶ 56-58); Unconscionability (Count VI, Compl. ¶¶ 59-61); Class Certification (Count VII, Compl. ¶¶ 62-71); and Other Damages to the Lead Plaintiff (Count VIII, Compl. ¶¶ 71-73).

18. In connection with the statutory violations set forth above in Paragraph 17, Plaintiff seeks, among other things: "freezing all assets of the defendants wherever located;" "disgorgement

of all illegal fees, charges and costs and other funds not already paid to creditors;" and "compensatory" damages. *See, e.g.*, Compl p. 17 at D-F.

19. Including the fees identified by Plaintiff in the Complaint, FK&A has collected, upon information and belief, approximately $1,293,048.09 in "fees, charges and costs" from the purported class members that could be subject to such "disgorgement" or designation as "compensatory" damages.

20. Plaintiff also seeks "trebling of the damages of plaintiff as permitted by the Consumer Fraud Act and New Jersey Civil RICO Act." *See, e.g.*, Compl 17 at F. The New Jersey Civil Rico Act authorizes the recovery of "threefold any damages he sustains and the cost of the suit, including a reasonable attorney's fee, costs of investigation and litigation." N.J.S.A. 2C:41-4(c).

21. By trebling the amount compensatory damages at issue in this matter, the purported class recovery could increase to $3,879,144.27 in damages (that is, $1,293,048.09 x 3 = $3,879,144.27).

22. Plaintiff also seeks to make defendants "pay all attorney's fees, costs and litigation expenses incurred by the plaintiff." *See, e.g.*, Compl p. 17 at G. Such an award would be authorized by, among other statutes, the New Jersey Civil RICO Act. N.J.S.A. 2C:41-4(c). Awards of attorneys' fees and costs in class actions can amount to as much as thirty percent (30%) of a class's recovery, which would increase the amount in controversy by 30% or, put another way, to 130% of the class's alleged damages. *See, e.g.*, *Frederico v. Home Depot, Inc.*, 507 F.3d 188, 199 (3d Cir. 2007) (citing *In re Rite Aid Corp. Secs. Litig.*, 396 F.3d 294, 303 (3d Cir. 2005); *Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (3d Cir. 1997)). By factoring in a 30% recovery for attorney's fees, the amount in controversy would increase by $1,163,743.28 (that is, $3,879,144.27 x .30 =

$1,163,743.28).

23. Accordingly, simply by considering the amount of compensatory damages at issue against FK&A—even without considering any separate damage exposure of the other corporate defendants—then trebling such damages under the applicable statutes, and factoring in a commonplace recovery for attorney's fees in the class action context, the matter in controversy presented by Plaintiff's complaint is well in excess of $5,000,000 (that is, $3,879,144.27 + $1,163,743.28 = $5,042,887.55).

24. Furthermore, Plaintiff seeks an award of "punitive damages" against defendants. *See, e.g.*, Compl p. 17 at F. Pursuant to the New Jersey Punitive Damages Act, New Jersey law permits plaintiffs to recover punitive damages up to "five time the liability of that defendant for compensatory damages or $350,000, whichever is greater." N.J.S.A. 2A:15-5.14(b).[3] As a result, even if one were to disregard the trebling of damages and an award of attorney fees, the request for punitive damages in this case elevates the amount in controversy to well over $5,000,000 (that is, $1,293,048.09 (in compensatory damages) + $6,465,240.45 (punitive damages of five times compensatory damages) = $7,758,288.54).

25. Although the FK&A Defendants deny that they have liability to Plaintiff or a putative class,[4] and denies that any class could be properly certified under Federal Rule of Civil

---

[3] New Jersey's cap on punitive damages, which limits them to five times the compensatory damages award (for all but a few excepted claims, none of which apply here), undoubtedly comports with the Supreme Court's pronouncement in *State Farm Mutual Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003) that "few awards exceeding a single-digit ratio between punitive and compensatory damages, to a significant degree, will satisfy due process." *Id*. at 425.

[4] By removing this action the FK&A Defendants do not concede liability, let alone liability of greater than $5,000,000. *See Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005); *Margulis v. Resort Rental, LLC*, No. 08-1719, 2008 WL 2775494, at *5-6 (D.N.J. July 14, 2008) ("Under plaintiff's argument, defendant would be required to concede that it actually

Procedure 23, the aggregate amount placed "in controversy" by this case from the face of the complaint—that is, the aggregate value of the damages sought by Plaintiff and the aggregate cost of complying with the equitable relief sought by Plaintiff—exceeds $5,000,000.

26. Because this is a putative class action that was commenced after February 18, 2005 in which there is minimal diversity, more than 100 putative class members, and more than $5,000,000 in the aggregate in controversy, this Court has original subject matter jurisdiction. *See* 28 U.S.C. § 1332(d)(2)(A).

27. Because this action states a basis for original subject matter jurisdiction under 28 U.S.C. § 1332, it is removable under 28 U.S.C. § 1441(a).

### JURISDICTIONAL STATEMENT - DIVERSITY JURISDICTION

28. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a) because the parties involved are citizens of different states, and the matter in controversy exceeds $75,000.00, exclusive of interest and costs.

#### Complete Diversity of Citizenship Exists Between the Parties

29. "A corporation is a citizen of both the state where it is incorporated and of the state where it has its principal place of business." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (citing 28 U.S.C. § 1332(c)).

30. For non-CAFA removal purposes, the citizenship of an unincorporated business organization tracks the citizenship of its members. *Americold Realty Trust v. Conagra Foods,*

---

violated the TCPA in order to remove the case, which would prove plaintiff's case and leave this Court the task of simply assessing damages. This is not proper."). That is because "[t]he amount in controversy is simply an estimate of the total amount in dispute" based on the allegations of a complaint, "not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) (citing cases).

*Inc.*, 136 S.Ct. 1012, 1015 (2016) (quoting *Chapman v. Barney*, 129 U.S. 677, 682 (1889)); *see also Zambelli*, 592 F.3d at 420 ("the citizenship of partnerships and other unincorporated associations is determined by the citizenship of [their] partners or members.").

31. For the purposes of diversity jurisdiction, the citizenship of an individual is synonymous with domicile. *Frederich v. Davis*, 767 F.3d 374, 377 (3d Cir. 2014). Domicile is established by a physical presence in a place, accompanied by one's intent to remain there. *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989).

32. As set forth above in Paragraph 6, Plaintiff is a resident of and domiciled in New Jersey, and is thus a citizen of New Jersey.

33. Global Client Solutions, L.L.C. ("Global") is a limited liability company, formed under the laws of the State of Oklahoma. Upon information and belief, Global is a wholly-owned subsidiary of Global Holdings, LLC ("Global Holdings") (Global Holdings, LLC is Global's only member). Upon information and belief, Global Holdings' members are domiciled in several states, including Oklahoma, Florida, and others, but not New Jersey. As a result, Global Holdings is a citizen, for diversity purposes, of many states, including Oklahoma, Florida, and others, but not New Jersey. Accordingly, through the citizenship of its only member (Global Holdings), Global is a citizen of several states, including Oklahoma, Florida, and others, but not New Jersey.

34. Comerica Bank ("Comerica") is a Texas banking association organized under the laws of the State of Texas with the main office for the conduct of its business in Dallas, Texas, as set forth in its articles of association. All members of Comerica's senior leadership team are located at the Dallas, Texas location, and that is where the activities of the company are directed and controlled. Comerica's principal place of business, its main office, and the location where its senior leadership team directs, controls, and coordinates the company's activities (including

meetings) are in Dallas, Texas. In addition, the executive and administrative functions, including policy and planning, are performed in Dallas, Texas. The policies and procedures integral to Comerica's business operations are reviewed and vetted in Dallas, Texas. Comerica, a Texas banking association with its principal place of business in Dallas, Texas is thus a citizen of Texas.

35. Arthur M. Kohler is a longtime resident and domiciliary of New Hampshire, and is thus a citizen of New Hampshire.

36. Rosanna Fox is a longtime resident and domiciliary of New Hampshire, and is thus a citizen of New Hampshire.

37. As set forth above in Paragraph 5, FK&A is a professional limited liability company organized under the laws of the New Hampshire. As such, for non-CAFA diversity purposes, FK&A is deemed a citizen of the state of each of its members. FK&A's only members are Arthur M. Kohler and Rosanna Fox. As set forth above in Paragraphs 35 and 36, FK&A's two members are both citizens of New Hampshire, and thus FK&A is only a citizen of New Hampshire.

38. Accordingly, complete diversity exists for purposes of diversity jurisdiction, as Plaintiff is a citizen of New Jersey and defendants are citizens of many states, but no defendant is a citizen of New Jersey.

**The Amount in Controversy Exceeds $75,000 Exclusive of Interest and Costs**

39. As set forth above, Plaintiff specifically identifies $14,698.62 in compensatory damages that she believes she is owed in connection with this action. Compl. ¶13. Moreover, Plaintiff alleges that she suffered "Other Damages," including: (1) "accumulation of interest and penalty charges on the debts which were enrolled in the fraudulent plan;" (2) "emotional distress, pain and suffering;" and (3) "degradation of her credit score and rating." Compl. ¶ 72.

40. As set forth above, Plaintiff seeks treble damages, punitive damages, and recovery

of attorney's fees and costs. *See, e.g.*, Compl. p. 17 at F-G.

41. The imposition of the maximum amount of punitive damages allowed under New Jersey law on the $14,698.62 in compensatory damages claimed by Plaintiff, in and of itself, makes the matter in controversy her in excess of $75,000 (that is, 5 x $14,698.62 = $73,493.10 in punitive damages; $73,493.10 (in punitive damages) + $14,698.62 (in compensatory damages) = $88,191.72).

42. Thus, even if one were to assign a $0 value to (1) the "Other Damages" identified in the Complaint, (2) the trebling of damages in connection with the New Jersey Civil RICO claim, (3) Plaintiff's claimed entitlement to attorney's fees and costs pursuant to various New Jersey statutes, and (4) the cost of the injunctive and equitable, this matter undoubtedly involves more than $75,000 in controversy and satisfies the requirements of 28 U.S.C. § 1332(a).

43. Because this action states a basis for original subject matter jurisdiction under 28 U.S.C. § 1332, it is removable under 28 U.S.C. § 1441(a).

**PROCEDURAL STATEMENT**

44. Pursuant to 28 U.S.C. § 1446(a), copies of the Complaint and any other process, pleadings and orders that Plaintiff purportedly served on FK&A as of the date of this Notice of Removal are attached as Exhibit A.

45. Pursuant to 28 U.S.C. § 1446(a), it is sufficient to provide a "short and plain" allegation of jurisdiction and it is not necessary to attach evidence establishing those allegations. *See Dart Cherokee Basin Operating Co. v. Owens*, 135 S.Ct. 547, 554 (2014) ("A statement 'short and plain' need not contain evidentiary submissions."); *Morgan v. Gay*, 471 F.3d 469, 474 (3d Cir. 2006) ("A defendant's notice of removal serves the same function as the complaint ….").

46. Pursuant to 28 U.S.C. § 1446(b) and Federal Rule of Civil Procedure 6, this Notice

of Removal is timely filed within thirty (30) days of service because Plaintiff purported to serve the Complaint on the FK&A Defendants via first class mail and certified mail only, none of which was received prior to June 26, 2019. *See, e.g.*, *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999). Copies of the first class mail envelope and U.S. Postal Service tracking information for the certified mail envelope delivered to FKA, both of which were received on or after June 26, 2019, are attached hereto as Exhibit B.[5] Copies of the certified mail envelope and U.S. Postal Service tracking information for the certified mail envelope delivered to Mr. Kohler, both of which were received on or after June 26, 2019, are attached hereto as Exhibit C. Copies of the certified mail envelope and U.S. Postal Service tracking information for the certified mail envelope delivered to Ms. Fox, both of which were received on or after June 27, 2019, are attached hereto as Exhibit D. Accordingly, the FK&A Defendants may timely remove this matter up to and including July 26, 2019.[6]

47. Pursuant to 28 U.S.C. § 1453(b), it is not necessary to obtain the consent of all defendants in order to remove this action under CAFA. Nevertheless, consistent with the requirements of 28 U.S.C. § 1446(b)(2)(A), every purportedly served defendant consents to this removal. Attached hereto as Exhibit E is a Consent to Removal from non-removing defendants Comerica and Global.

48. Pursuant to 28 U.S.C. § 1441(a), removal to the United States District Court for the

---

[5] A copy of the certified mail envelope served on FK&A is not presently available. However, upon information and belief, the U.S. Post Office tracking number for that envelope was 7018 0680 0000 8977 3350. The envelope was delivered on June 26, 2019. *See* Exh. B.

[6] Because Ms. Fox was not purportedly served until June 27, 2019, the 30-day period in which she would need to file for removal would not begin until June 27, 2019, and thus would not expire until after July 26, 2019.

District of New Jersey is proper because it embraces the Superior Court of Burlington County, New Jersey, where this action was pending before it was removed. *See* 28 U.S.C. § 110.

49. Pursuant to 28 U.S.C. § 1446(d), the FK&A Defendants will promptly file a copy of this Notice of Removal in the Superior Court of Burlington County, New Jersey, and give all adverse parties written notice of its filing.

50. By removing the action to this Court, the FK&A Defendants do not waive any defenses that are available to them under state or federal law.

**WHEREFORE**, the FK&A Defendants respectfully remove this action to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453.

Dated: July 26, 2019

/s/ Vincent E. Gentile
Vincent E. Gentile
DRINKER BIDDLE & REATH LLP
A Limited Liability Partnership
105 College Road East, P.O. Box 627
Princeton, NJ 08542-0627
Phone: (609) 716-6500
Fax: (609) 799-7000
vincent.gentile@dbr.com

*Counsel for Defendants Law Office of Fox, Kohler & Associates, P.L.L.C., Arthur M. Kohler, and Rosanna Fox*

## **CERTIFICATE OF SERVICE**

I certify that, on the date set forth below, I caused a true and correct copy of the foregoing document to be served via the Court's electronic filing system, electronic mail, and first-class mail, postage prepaid, upon the following:

Joseph M. Pinto
Polino and Pinto, P.C.
720 East Main Street, Suite 1C
Moorestown, NJ 08057
jfpolino@prodigy.net

*Counsel for Plaintiff Caren Frederick*

Matthew Rapkowski
Greenspoon Marder LLP
590 Madison Avenue, Suite 1800
New York, NY 10022
matthew.rapkowski@gmlaw.com

*Counsel for Defendants Comerica Bank*
*And Global Client Solutions, L.L.C.*

Dated:  July 26, 2019                               /s/ Vincent E. Gentile
                                                            Vincent E. Gentile