UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CAREN FREDERICK, on behalf of herself and all other class members similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>LAW OFFICE OF FOX, KOHLER & ASSOCIATES, P.L.L.C., L.L.C. f/k/a/ National Legal Center, P.L.L.C.; ARTHUR M. KOHLER; ROSANNA FOX; COMERICA BANK; GLOBAL CLIENT SOLUTIONS, L.L.C.; John Doe(s) 1-100, said name of John Doe(s) being fictitious,<br><br>　　　　　Defendants. | 1:19-cv-15887-NLH-KMW<br><br><br><br>OPINION |

**APPEARANCES:**

JOSEPH M. PINTO
POLINO & PINTO, P.C.
MOORESTOWN TIMES SQUARE
720 EAST MAIN STREET, SUITE 1C
MOORESTOWN, NJ 08057

　　*Attorney for Plaintiff.*

ERIK BERGLUND
GREENSPOON MARDER LLP
100 WOOD AVENUE SOUTH, SUITE 207
ISELIN, NJ 08830

　　*Attorney for Defendants Global Client Solutions, L.L.C. and Comerica Bank.*

VINCENT E. GENTILE
DRINKER BIDDLE & REATH LP
105 COLLEGE ROAD EAST, P.O. BOX 627
PRINCETON, NJ

*Attorney for Defendants Law Offices of Fox, Kohler & Associates, P.L.L.C., Arthur M. Kohler, and Rosanna Fox.*

**HILLMAN, District Judge**

Plaintiff Caren Frederick filed a complaint against Defendants in New Jersey Superior Court in June 2019. Defendants Law Office of Fox, Kohler & Associates P.L.L.C., Arthur M. Kohler, and Rosanna Fox (collectively known as the "FKA Defendants") removed this action to the District of New Jersey on July 26, 2019 with consent from all other Defendants. On August 16, 2019, the FKA Defendants, Comerica Bank, and Global Client Solutions, L.L.C. moved to compel arbitration in two separate motions.

The FKA Defendants' motion was based on a provision in the parties Professional Legal Services Agreement that they argued required Plaintiff's claims be submitted to arbitration.  This Court, in an Opinion and Order entered on June 30, 2020, granted Comerica Bank and Global Client Solution's motion to compel. However, the Court found that the arbitration clause relied upon by the FKA Defendants was invalid, as it did "not identify the general substantive area that the arbitration clause covers," (ECF No. 26 at 20).  The Court therefore denied the FKA Defendants' motion to compel.  (ECF No. 27).

The FKA Defendants then filed a notice of appeal to the United States Court of Appeals for the Third Circuit.  (ECF No.

2

28).  After briefing was completed, the Third Circuit heard oral argument in the case on January 28, 2021.  (USCA No. 20-2539, ECF No. 44).  Finally, on March 24, 2021, the Third Circuit issued an Opinion and Judgment.  The Third Circuit's opinion held that, contrary to this Court's finding in its June 30, 2020 Opinion, the arbitration provision relied upon by the FKA Defendant is in fact "enforceable as to both contractual and statutory claims, and [Plaintiff] must resolve her claims in arbitration with the Law firm, according to the terms of the Agreement."  (USCA No. 20-2539, ECF No. 46 at 8).  The Third Circuit therefore vacated this Court's prior Order, and remanded the case with instructions for the Court to grant the FKA Defendants' motion to compel arbitration.  For this reason, the FKA Defendants' motion to compel (ECF No. 8) will be granted.

    An appropriate Order will be entered.

Date: April 19, 2021         /s Noel L. Hillman
At Camden, New Jersey        NOEL L. HILLMAN, U.S.D.J.